UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | No. 2:15-cv-2517 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| T. MAHONEY, et. Al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion to proceed in forma pauperis and his request for a court order directing High Desert State Prison (HDSP) property officers to send his property to his new facility at California State Prison, Sacramento (CSP-SAC) so that he can amend his complaint to name defendants employed at CSP-SAC. ECF Nos. 2 and 6. Plaintiff states that he needs his property in order to file an amended complaint in this action because he does not know the case number associated with this action or the names of the defendants he wants to add. Id. Plaintiff subsequently filed an amended complaint. ECF No. 7.

I.   Motion to Proceed In Forma Pauperis

Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person

1

1  who submits an affidavit indicating that the person is unable to pay such fees.  However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  Section 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious, or for failure to state a claim.  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).  "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

Court records reflect that this court, in Womack v. Sullivan, 2:14-cv-0085 WBS EFB P (E.D. Cal. Jan. 30, 2014), previously determined that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  In denying plaintiff in forma pauperis status pursuant to § 1915(g), the court relied on Womack v. Contra Costa County, No. C 04-3043 MMC, 2004 U.S. Dist. LEXIS 21975 (N.D. Cal. Oct. 13, 2004), which declared plaintiff a three-strikes litigant and identified Womack v. Superior Court, 99-2470 MMC (N.D. Cal. July 6, 1999) (Order of Dismissal), and Womack v. Daley, 99-2469 MMC (N.D. Cal. July 6, 1999) (Order of Dismissal), as among the 42 U.S.C. § 1983 actions filed by plaintiff, which "were dismissed on the grounds that such actions were frivolous, malicious, or failed to state a claim upon which

2

relief may be granted." This court also relied on <u>Womack v. Donahoo</u>, No. 2:12-cv-3110 WBS EFB (E.D. Cal. Sept. 13, 2013), which was dismissed for failure to state a claim. On appeal, the Ninth Circuit held that "[t]he district court did not abuse its discretion by denying Womack leave to proceed in forma pauperis because it correctly determined that Womack had filed at least three actions that had been dismissed as frivolous or for failure to state a claim." <u>Womack v. Sullivan</u>, 594 Fed. App'x 402 (9th Cir. 2015).

Based on the foregoing, this court finds that plaintiff is precluded from proceeding in forma pauperis unless plaintiff is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(b). To meet the exception, plaintiff must allege facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of the filing of the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for the purposes of the 'imminent danger' exception under § 1915(g) "); <u>see also</u>, <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312-14 (3rd Cir. 2001); <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999) <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 1998); <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998).

Plaintiff's first amended complaint does not allege facts establishing imminent danger, because the facts alleged refer to events that have happened in the past. <u>See Andrews</u>, 493 F.3d at 1053. While the original complaint alleged facts that could in theory establish imminent danger, the original complaint was superseded by the first amended complaint, as explained further below. Because plaintiff's original complaint alleged facts that indicate he may be under imminent danger, he will be given the opportunity to amend his complaint. If plaintiff fails to amend, or amends but fails to allege facts showing he is in imminent danger, the court will recommend his in forma pauperis status be denied.

II.     The First Amended Complaint Supersedes the Original Complaint

Plaintiff's original complaint named five defendants, all employees at HDSP. ECF No. 1. Plaintiff's first amended complaint names three defendants employed at CSP-SAC. ECF No. 7. The first amended complaint references claims made in the original complaint, but does not restate the claims made against HDSP defendants in the original complaint. <u>Id.</u>

3

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is being given the opportunity to amend his complaint. Should plaintiff choose to amend he must file a second amended complaint containing all of his claims and naming all the defendants wants to pursue in this action in one complete document. He is also reminded that he will not be granted in forma pauperis status unless he alleges facts establishing he is in imminent danger. Plaintiff shall have thirty days to file a second amended complaint. If plaintiff chooses not to file a second amended complaint, the court will screen only his first amended complaint and claims alleged in the original complaint will not be considered.

III.    Amending the Complaint

Plaintiff's original complaint alleged claims against several HDSP employees. ECF No. 1. He claimed that his Eighth Amendment rights were violated when defendants failed to treat him for PTSD. ECF No. 1 at 6-8. The complaint alleged four of the five named defendants violated plaintiff's rights when they reviewed his 602 grievance and failed to take action to ensure plaintiff was treated for PTSD. Id. The first amended complaint alleges three defendants employed at CSP-SAC violated his Eighth Amendment rights by intentionally misdiagnosing him so that they would not have to treat his PTSD. ECF No. 7 at 3. If plaintiff chooses to file a second amended complaint, he is advised of the following legal standards.

   A.    Legal Standard for Liability as Part of the Grievance Process

Plaintiff's original complaint stated that he filed a grievance complaining about his mental

4

health diagnosis and that several defendants are liable under the Eighth Amendment because they reviewed plaintiff's 602 grievance and failed to take action to have plaintiff treated for PTSD. ECF No. 1 at 6-8.

To the extent plaintiff seeks to bring a claim related to deficiencies in the processing of his grievance, he should keep in mind that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ('There is no legitimate claim of entitlement to a grievance procedure.")). Accordingly, the prison grievance procedure does not confer any substantive constitutional rights upon inmates and actions in reviewing and denying inmate appeals generally do not serve as a basis for liability under section 1983. Id. Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. The Seventh Circuit has observed that

> [o]nly persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (internal citations omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, an individual who denies an inmate appeal and who had the authority and opportunity to prevent an ongoing constitutional violation could potentially be subject to liability if the individual knew about an existing or impending violation and failed to prevent it. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006). Any claims based solely on a defendant's status as a "reviewer" of plaintiff's grievance will be subject to dismissal upon screening if plaintiff does not allege facts showing their involvement in the violations of his rights.

B.   Legal Standard Under the Eighth Amendment

Plaintiff also made allegations in his original and first amended complaints that defendants are liable under the Eighth Amendment for deliberate indifference related to his

1  mental health treatment.

2      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
3  must show 'deliberate indifference to serious medical needs.'" Jett, 439 F.3d at 1096, (quoting
4  Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires plaintiff to show (1) "a 'serious
5  medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further
6  significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's
7  response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d
8  1050, 1059-60 (9th Cir. 1992) (citation and internal quotation marks omitted), overruled on other
9  grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

10      Deliberate indifference is established only where the defendant *subjectively* "knows of and
11  disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057
12  (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate
13  indifference can be established "by showing (a) a purposeful act or failure to respond to a
14  prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d
15  at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high
16  risk of harm that is either known or so obvious that it should be known") is insufficient to
17  establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5
18  (1994) (citations omitted).

19      A difference of opinion between an inmate and prison medical personnel—or between
20  medical professionals—regarding appropriate medical diagnosis and treatment is not enough to
21  establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);
22  Toguchi, 391 F.3d at 1058.  Additionally, "a complaint that a physician has been negligent in
23  diagnosing or treating a medical condition does not state a valid claim of medical mistreatment
24  under the Eighth Amendment.  Medical malpractice does not become a constitutional violation
25  merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  A disagreement regarding
26  diagnoses is not sufficient to state a claim for deliberate indifference in violation of the Eighth
27  Amendment.
28  ////

IV. <u>Plaintiff's Access to Legal Property</u>

Plaintiff states in his request for a court order that he needs access to his legal property in order to file an amended complaint, because without his paperwork he does not know the case number associated with this action or the names of the defendants he wants to add. ECF No. 6. It appears as if this issue has been resolved because plaintiff has filed an amended complaint that is captioned with the appropriate case number and names CSP-SAC defendants. The motion will therefore be denied as moot. However, though it appears plaintiff's paperwork has been returned, to assist plaintiff in the event he chooses to file a second amended complaint, the Clerk of the Court will be directed to send plaintiff a copy of both the original and first amended complaints.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall have thirty days from service of this order to file a second amended complaint containing all of his allegations in one complete document. If plaintiff chooses not to file a second amended complaint, the court will proceed to screen the first amended complaint and any claims in the original complaint will not be considered.

2. The Clerk of the Court is directed to send plaintiff a copy of both the original complaint (ECF No. 1) and the first amended complaint (ECF No. 7) and a copy of the prisoner complaint form used in this district.

3. Plaintiff's request for a court order (ECF No. 6) is denied as moot.

DATED: October 17, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE