UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>T. MAHONEY, et al.,<br><br>Defendants. | No. 2:15-cv-2517 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Procedural History

On December 3, 2015, the Clerk of the Court filed plaintiff's original complaint, in which he alleged that defendants Mahoney, Murry, Upshaw, Krause, and Lewis violated his rights under the Eighth Amendment. ECF No. 1 at 6-8. Plaintiff alleged that Upshaw and Krause refused to treat his PTSD and that Mahoney, Murry, and Lewis, who reviewed his grievances, failed to ensure he received treatment after his appeal was partially granted. Id. With the exception of Lewis, who was based in Sacramento, the defendants were employed at High Desert State Prison (HDSP). Id. at 2-3. Before the court could screen the original complaint or rule on his motion to proceed in forma pauperis, plaintiff filed a first amended complaint that alleged that defendants

1

Chaiken, Swarthout, and Vargas, who were employed at California State Prison, Sacramento (CSP-SAC), violated his Eighth Amendment rights by intentionally misdiagnosing him so that they would not have to treat his PTSD. ECF No. 7 at 3. The first amended complaint did not contain any of the claims from the original complaint. Compare ECF No. 1 with ECF No. 7.

In considering plaintiff's motion to proceed in forma pauperis, the court determined that the motion must be denied unless plaintiff was "under imminent danger of serious physical injury" at the time he filed the complaint, because he had filed at least three lawsuits which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. ECF No. 8 at 2-3 (citing 28 U.S.C. § 1915(b); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g)"); Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999) Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998)).

The court found that the first amended complaint superseded the original complaint and that the first amended complaint did not allege imminent danger because it did not re-state any of the claims from the original complaint and the allegations were based on past events. Id. at 3-4. Because the original complaint contained facts that potentially demonstrated plaintiff was in imminent danger, plaintiff was given the option of proceeding on the first amended complaint or filing a second amended complaint. Id. The court warned that "[i]f plaintiff fails to amend, or amends but fails to allege facts showing he is in imminent danger, the court will recommend his in forma pauperis status be denied." Id. at 3. Plaintiff chose to file a second amended complaint. ECF No. 9.

II.     Second Amended Complaint

In the second amended complaint, plaintiff alleges that defendants Perry, St. Andre, Lane, Sweet, Smith, Nolan, Boretz, and Murry violated his Eighth Amendment rights when they ignored his complaints that unnamed correctional officers were directing their "pet inmates" to assault and otherwise harass plaintiff because he had filed grievances. ECF No. 9 at 4-10.

However, at the time plaintiff filed the second amended complaint, he was housed at CSP-SAC and the named defendants were all employed at HDSP. ECF No. 9 at 1-3. Additionally, all the alleged conduct took place well before the filing of the second amended complaint. Id. Therefore, at the time plaintiff filed the complaint, he was no longer in imminent danger of physical injury as a result of defendants' conduct.

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

The court declines to give plaintiff another opportunity to amend the complaint to show that he is under imminent danger of serious physical injury. Each time plaintiff has amended the complaint he has changed both the defendants and claims rather than amending the already existing claims. Moreover, even if plaintiff were to attempt to amend the complaint to revive the claims in the original complaint, he would no longer be able to show imminent danger because the allegations that made up the original complaint involved a risk of harm at a prison where plaintiff is no longer housed. Accordingly, the court finds that amendment would be futile and "[a] district court may deny leave to amend when amendment would be futile." Hartmann v. Cal. Dep't of Corr & Rehab., 707 F.3d 1114, 1130 (9th Cir. 2013) (citation omitted).

III.     Motion to Proceed In Forma Pauperis

This court previously found that plaintiff has three strikes under § 1915(g) and may not proceed in forma pauperis unless he is under imminent danger of serious physical injury. ECF No. 8. As set forth above, the second amended complaint does not contain facts showing that plaintiff is in imminent danger and leave to amend would be futile. The undersigned will therefore recommend that the motion to proceed in forma pauperis be denied and plaintiff be

3

required to pay the filing fee in full or have the complaint dismissed.

   IV.   Plain Language Summary of this Order for a Pro Se Litigant

You have three strikes under § 1915(g) and cannot be granted in forma pauperis status unless you show the court that you were in imminent danger of serious physical injury at the time you filed the complaint. Because your claims are about things that happened in the past at a prison where you are no longer housed, you cannot show imminent danger. It is therefore being recommended that your motion to proceed in forma pauperis be denied and that you be required to pay the entire filing fee in full before you can go forward with your complaint.

   Accordingly, IT IS HEREBY RECOMMENDED that:

   1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied because he has accrued three strikes under 28 U.S.C. § 1915(g) and has not demonstrated that he is under imminent danger of serious physical injury.

   2. Plaintiff be given thirty days to pay the entire $400.00 in required fees or face dismissal of the case.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 12, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4